C. E. DICKERMAN v. CITY OF ST. PAUL.

May 23, 1898.

Nos. 10,977—(113).

**Appeal—City of St. Paul—From Justice of Peace to Municipal Court.**
   An appeal lies from the judgment of a justice of the peace in the city of St. Paul, in a civil action against the city, to the municipal court of the city.

Appeal by defendant from a judgment of the municipal court of St. Paul, entered pursuant to the order of Orr, J. Reversed.

*James E. Markham* and *Hermon W. Phillips,* for appellant.

*A. E. Bowe,* for respondent.

START, C. J.

The plaintiff recovered a judgment against the defendant city in a justice court of the city of St. Paul. The defendant appealed to the municipal court of the city, which dismissed its appeal, and it then appealed to this court from the judgment of the municipal court dismissing its appeal. The question presented by the record

for our decision is: Does an appeal lie from the judgment of a justice of the peace in the city of St. Paul to the municipal court of the city in a civil action against the city? We answer the question in the affirmative.

Sp. Laws 1881, c. 407, provides as follows:

"All appeals from judgments of justices of the peace in the city of St. Paul shall be taken to the municipal court of the said city, and said municipal court shall have the same powers in such cases now possessed by the district court, and all laws applicable to appeals to the district court are hereby made applicable to appeals to said municipal court."

At the time this statute was enacted, the jurisdiction of the municipal court was limited to $200, and to this extent it then had original jurisdiction in a civil action in which the city was a party. Sp. Laws 1889, c. 351, extended the jurisdiction of the municipal court to $500, but expressly provided that the jurisdiction of the court should not extend to any civil action against the city of St. Paul. Section 28 of the same act expressly provides for appeals from the judgment of justices of the peace to the municipal court, in these words:

"All appeals from judgments of justices of the peace in the city of Saint Paul shall be taken to this court, and this court shall have the same powers in such cases now possessed by the district courts of this state; and all laws applicable to appeals to the district court are made applicable to this court."

The language of this section 28 is general, and is broad enough to include appeals from justice courts where the city is a party defendant. There is apparently force in the suggestion of respondent's counsel to the effect that, the law having deprived the municipal court of original jurisdiction in cases against the city, it would be inconsistent to invest it with appellate jurisdiction of the same class of cases. We cannot, however, read an exception into section 28, to the effect that it shall not apply to appeals from a justice of the peace in civil actions against the city, unless such is the clear intention of legislature. The legislation under consideration is somewhat crude, and the language used to express the legislative intent is not aptly chosen; but construing the statute as

a whole, and with reference to its history, the intention is reasonably clear.

Prior to the act of 1889, the civil jurisdiction of the court was limited to $200; and to this extent it had original jurisdiction and appellate jurisdiction in all appeals from judgments of justices of the peace in the city, without reference to the parties to the action. But, when the limit of the jurisdiction of the court was extended from $200 to $500 by the act of 1889, a provision was inserted, for the benefit of the city, to the effect that the court should not have jurisdiction of any civil action against the city. This was done for the obvious reason that the city was unwilling that the court should have jurisdiction of cases against it involving $500. Therefore the original jurisdiction of the court in cases against the city was taken away, and its appellate jurisdiction as it had previously existed continued. There was no reason for taking away this appellate jurisdiction, because in no case could the amount involved exceed $100. It cannot be presumed that the legislature intended to make any change in the existing law beyond what was expressly declared in the statute; much less can it be presumed, in the absence of any express provision requiring it, that it was intended by the act of 1889 to deprive the city of all right of appeal from judgments against it in justice court. Our conclusion is that section 28 gives the right of appeal from all judgments of justices of the peace in the city of St. Paul to the municipal court, and that judgments against the city are not excepted from such appellate jurisdiction.

The judgment appealed from is reversed, and the case remanded to the municipal court, with directions to entertain the appeal, and hear the case on its merits. No statutory costs will be allowed the appellant in this court, as the case was set for oral argument, contrary to the rule of the court.